## A. & P. Tea Company v. American Mutual Liability Insurance Company

*J. Perry Eckels,* for plaintiff.

*Robert E. Wayman,* for defendant.

THOMAS, P. J., December 20, 1971.—The matter is before the court on a motion for judgment on the pleadings. We need not again recite the procedural background of this skirmish between the insurers for A. & P. and Cott Beverage Company. Reference to our previous opinions and an appellate court opinion gives the history, issues and ultimate resolution of the efforts of American Mutual Liability Insurance Company to avoid full payment of a settlement it reached with Mr. and Mrs. James C. Cameron as a result of an exploding bottle accident which necessitated the ultimate removal of Mrs. Cameron's eye. See Cameron v. Cott Corporation and The Great Atlantic & Pacific Tea Company, 10 Crawford Leg. J. 24 (December 11, 1969); Cameron v. The Great Atlantic & Pacific Tea Company, Inc., et al., 439 Pa. 374, 266 A.2d 715 (July 2, 1970); Cameron v. The Great Atlantic & Pacific Tea Company, Inc., et al., February term, 1969, no. 32, (unreported) (October 13, 1970).

Suffice it to be noted for the purpose of this opinion that A. & P., having been successful in securing judicial rulings which held that Cott Corporation, actually its product liability carrier—American Mutual, owed A. & P. a defense of the action brought by the Camerons against A. & P. and Cott which resulted in a $55,000 stipulated settlement after trial had started, now seeks to recover from American Mutual the attorney, witness, bond and printing expenses it incurred, $5,072.56, in defending the Cameron suit and securing lower and appellate court rulings in its favor. In layman's terms, what A. & P. (actually of course, Aetna

Life and Casualty Company[1] ) is saying is: "Cott (actually American Mutual) contracted to defend us in an exploding bottle product liability case, backed out on its legal obligation, lost its appeal of this issue, and we now want out-of-pocket expenses incurred by Cott's breach of contract.[2]

In accord with the above theory, A. & P. filed a complaint in assumpsit against American Mutual seeking recovery of the $5,072.56. American Mutual filed an answer in which it denied plaintiff had incurred any financial loss, as the sums paid were, in actuality, paid by plaintiff's insurance carrier; that since defendant never contracted to pay for these legal expenses, it has no liability therefor; and that the sums allegedly paid were not "reasonable and proper charges" for which defendant is liable.

Plaintiff filed a motion for judgment on the pleadings, alleging defendant's answer was a mere "general denial" not in accord with Pennsylvania Rule of Civil Procedure 1029(b) and that the answers were purely conclusions and directly refuted by the records in this case.

Judgment on the pleadings may be entered only

---

[1] In prior opinions, we erroneously stated that Travelers Insurance Company insured A. & P.

[2] Actually, attorneys for American Mutual originally entered an appearance for *both* Cott Corporation and Atlantic & Pacific Tea Company, Inc., but after deposition taking led Cott Corporation to believe that perhaps a jury would find both Cott and A. & P. negligent, they had their attorneys withdraw an appearance for A. & P., continue in representation of Cott and forced A. & P. to hire their own defense counsel. This was done in spite of the fact that American Mutual had given A. & P. a written indemnity agreement agreeing to defend A. & P. in this case *and* had also issued to A. & P. a standard product liability "vendor's endorsement" certificate whereby American Mutual's liability coverage of Cott was extended to A. & P. as a vendor.

where the case is so clear that a trial would clearly be a fruitless exercise: Goldman et al. v. McShain, 432 Pa. 61, 247 A.2d 455 (1968).

We need not here analyze plaintiff's position that the answers to the complaint are merely bald, general denials. When the semantic niceties are stripped aside, and even if we decided the "general denial" issue against plaintiff, we are convinced that the complaint and answer, together with the proceedings at February term, 1969, no. 32, incorporated into the pleading by reference, present to the court a clear legal problem with only one narrow factual issue for determination.

We note plaintiff is basing its right to reimbursement upon services rendered in defense of this claim *from the beginning.* We construe defendant's answer and brief as contending that any obligation of defendant to reimburse plaintiff had to arise under and/or subsequent to the signing of the stipulation of settlement with the Camerons. This stipulation referred to American Mutual's obligation to "pay the entire amount of the settlement including costs and disbursements."[3]

Defendant argues that "costs and disbursements" cannot be construed as including plaintiff's cost of defense and that if plaintiff was seeking attorney's fees and costs *up to* the time the stipulation was signed, it should have clearly included this item in the settlement stipulation. We do not agree. The settlement stipulation was not, and did not purport to be, an adjudication or settlement of the obligations existing inter se between A. & P. and Cott, or their respective insurance carriers. A. & P. is not now precluded from bringing an action to recover because

---

[3] See complete stipulation in Cameron v. Cott, et al., 10 Crawford Leg. J. 24.

of American Mutual's refusal to honor its written agreement entered into long before the mid-trial settlement stipulation.

Accordingly, we rule as a matter of law that plaintiff has the right to claim damages for all fees and expenses expended in defense of the entire original action and the collateral procedural litigation arising subsequent to the "settlement" of the case.

Defendant next raises the issue that A. & P. has no cause of action, since it was really Aetna Life & Casualty Company that paid the fees and expenses listed in the complaint. This argument is clearly refuted by the provisions of Pa. R. C. P. 2002. The gist of this rule is that all actions must be brought by the real party in interest, but section (d) of said rule provides this requirement shall not be mandatory where a subrogee is a real party in interest.

While this question of failure to join a real party in interest should be raised by preliminary objection in accord with Pa. R. C. P. 1017(b)(5), defendant's failure to raise this issue via preliminary objection is moot since rule 2002(d) authorizes the insurance company to bring suit in its own name or the name of its insured.

We have concluded that plaintiff is entitled to judgment on the pleadings, but since defendant's answer denies the sums pled as expenses and which totalled $5,072.56 were "reasonable and proper charges. . .", they have raised a factual issue which the court is unable to determine from the basic pleadings.

Pennsylvania Rule of Civil Procedure 1034 provides as follows:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

Goodrich-Amram §1034(b)-1 notes:

"The court is given wide powers in ruling on the motion . . . This may include inter alia a final judgment . . . a partial judgment . . . a cautionary judgment . . . (or) an order adjudicating certain facts as admitted in the pleadings and not subject to denial at trial."

Having determined that prior final orders of court have conclusively ruled that defendant breached its obligation to defend plaintiff, there remains no factual issue for determination on the question of whether or not plaintiff is entitled to have judgment entered in its favor. Accordingly, we will enter a judgment on the pleadings in favor of plaintiff and against defendant without specifying the amount thereof at this time.

We cannot believe defendant is serious in its contention that the expenses incurred and pled by plaintiff were "unreasonable and improper charges." However, this factual issue having been raised, we will give defendant 30 days to request a jury or nonjury trial to resolve this factual issue of the reasonableness of the amount and the propriety of plaintiff's enumerated expenses. If defendant does not request said limited issue trial, we will, on motion of plaintiff, enter an addendum to our judgment for plaintiff in the amount set forth in the complaint, plus interest.

In accord with the foregoing, we enter the following:

### ORDER

And now, December 20, 1971, a limited judgment on the pleadings is entered and the prothonotary is directed to enter a judgment in favor of plaintiff and against defendant without, at this time, specifying the amount thereof.

In the event defendant requests a trial of the factual issue delineated by the court in this opinion, the amount of the aforesaid judgment will be determined by an appropriate verdict.

In the event defendant does not request a trial on the issue of the amount of damages to which plaintiff is entitled within 30 days, the court will, on motion of plaintiff, enter a further order setting the amount of this judgment at $5,072.56, plus interest.